BRYAN, Judge,
concurring in part and dissenting in part.
I concur in the main opinion insofar as it reverses the judgment of the trial court because the trial court failed to determine whether visitation with the father was in the best interest of the children. However, I dissent insofar as the main opinion holds that § 15-20-26(c), Ala.Code 1975, does not prohibit the father from having unsupervised visitation with the children.
The main opinion bases its holding that § 15-20-26(c) does not prohibit the father from having unsupervised visitation with the children on a literal construction of that statute. However, K.E.W. v. T.W.E., 990 So.2d 375 (Ala.Civ.App.2007), holds that the legislature intended § 15-20-26(c) to prevent a criminal sex offender from engaging in “activities generally allowing] the criminal sex offender protracted time with the child in a private setting[, i.e., unsupervised visitation,] and exposing] the child to the risk of recidivism [by a criminal sex offender] the statute was designed to prevent.” 990 So.2d at 375. Allowing a criminal sex offender to have unsupervised visitation with a child at the sex offender’s residence is just as inconsistent with the purpose of § 15-20-26(c), which is to protect children from “ ‘the proven danger of recidivism by criminal sex offenders,”’ K.E.W. v. T.W.E., 990 So.2d at 381 (quoting Salter v. State, 971 So.2d 31, 37 (Ala.Civ.App.2007)), as allowing a criminal sex offender to have unsupervised visitation with a child at the child’s residence. Thus, the literal construction placed on § 15-20-26(c) by the main opinion dictates a result that is inconsistent with the purpose of that statute. See K.E.W. v. T.W.E.
As the Alabama Supreme Court has stated,
“ ‘ “[i]t has been called a golden rule of statutory interpretation that unreasonableness of the result produced by one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another which would produce a reasonable result.... It is fundamental ... that departure from the literal construction of a statute is justified when such a construction would produce an absurd and unjust result and would clearly be inconsistent with the purposes and policies of the act in question. A constnction resulting in absurd consequences as well as unreasonableness will be avoided.”
“ ‘Norman J. Singer, Sutherland Statutory Construction § 45.11, p. 61 (5th ed.1993).’ ”
Ex parte Watley, 708 So.2d 890, 893 (Ala. 1997) (quoting Ex parte Meeks, 682 So.2d 423, 428 (Ala.1996)) (emphasis added). Therefore, in the case now before us, because a literal construction of § 15-20-26(c) dictates a result that is inconsistent with the purpose of that statute, I would depart from that literal construction and hold that § 15-20-26(c) prohibits the father from having unsupervised visitation with the children. Accordingly, I respectfully dissent insofar as the main opinion holds, on the basis of a literal construction of § 15-20-26(c), that that statute does not prohibit the father from having unsupervised visitation with the children.